CYRUS E. KITTELL v. PETER JENSSEN.

FILED OCTOBER 3, 1893.   No. 4535.

Ejectment: BOUNDARIES: LOCATION OF GOVERNMENT CORNER: EVIDENCE: INSTRUCTIONS. Where a government corner between two adjoining land-owners has been obliterated, the exact location of the corner may be determined by the jury from the evidence in an action of ejectment, and it is unnecessary first to establish the corner by an action in equity.

ERROR from the district court of Sherman county. Tried below before HAMER, J.

C. H. E. Heath, for plaintiff in error.

Nightingale Bros., contra.

MAXWELL, CH. J.

This is an action of ejectment. The dispute is in regard to a triangular piece of land containing two acres. The plaintiff owns the northeast quarter of section 33, township 14, range 13 west, and defendant owns the northwest quarter of section 34, in the same town and range, and therefore adjoining plaintiff's land on the east. The government corner lying between the two tracts on the north line is not in dispute, but only the one on their south line. Plaintiff contends that his southeast corner, which should be identical with defendant's southwest corner, is lost; and

he accordingly procured the county surveyor to locate it. The county surveyor ran a straight line north and south from the section corner on the north, which is conceded to be a government corner, to the section corner directly south, which is also conceded to be a government corner, and divided the distance equally, and placed a stake. The defendant contends that a stake with witness holes lying four rods south of the stake set by the county surveyor is the actual corner; that this monument existed and was plain to be seen when he first occupied the land, about five years before the commencement of this suit; that the original government corner disappeared, but he replaced it with another; that he has kept the witness holes renewed and has always been able to identify the location of this government corner from its relation to artificial land marks, such as plowing. Defendant's testimony is corroborated by four of his neighbors, who are all old settlers. Plaintiff and his brothers deny that this is the original government corner, and claim that it is lost. The county surveyor says that the stake is not a government stake. He admits that the government survey is very irregular and inaccurate in that locality, and that the stake with witness holes, which defendant claims is the true government corner, does not deviate from a correct survey as much as some other government corners in the county.

Objection is made to the third instruction, which is as follows: "If the missing government corner is lost and the testimony does not establish its location by a preponderance of evidence, you cannot find for the plaintiff until the lost corner has been legally established under the order of the court by a legal proceeding begun for that purpose." The instruction is clearly wrong. The fact that the corner is obliterated does not affect the plaintiff's right to recover all the land owned by him. He may prove the proper location of the corner by any competent evidence. The question for determination is the exact location of the cor-

ner as established by the government surveys. This is a question of fact for the jury to find from the evidence, and this may be proved in an action of ejectment. It is unnecessary to review the other errors assigned. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.