WILLIAM C. REED, APPELLEE, V. PERRY R. BURRELL ET AL., APPELLANTS.

FILED JUNE 20, 1906. No. 14,398.

Government Monuments: EVIDENCE. When a government monument, being the corner between two adjoining landowners, has been obliterated, its location may be proved by testimony of witnesses acquainted therewith.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. Affirmed.

Starr & Reeder, for appellants.

W. S. Morlan, C. H. Tanner and L. M. Graham, contra.

EPPERSON, C.

This is an action in ejectment. The land in controversy is a tract of about two acres, which plaintiff claims is a part of the southeast quarter of the northeast quarter of section 28, town 7, range 27, Frontier county, to which he holds a deed. Two questions of fact were at issue: (1) Was the land a part of the southeast quarter of the northeast quarter above referred to? (2) If so, had defendant acquired title thereto by adverse possession? The verdict and judgment were for the plaintiff, and the defendant appeals to this court.

1. The land is a narrow strip bounded on the north by the channel of Medicine creek, which defendant contends is the boundary line. Plaintiff offered in evidence a plat of the premises, which was admitted over objection. The plat showed certain distances not measured by the witness who made the plat, but, as to the controlling fact, that is, the location and dimensions of the tract involved, the map was shown by several witnesses to be substantially correct, and as to the defense of adverse possession the admission of the plat was not prejudicial.

2. Several witnesses testified as to the location of the boundary line as shown by the corner monument established by the federal government. One witness, who formerly owned plaintiff's land, testified that he had perpetuated the government monument, first by a cedar post, and later by a gas pipe, the original mark being about to be obliterated on account of the construction of a public highway. All of the above evidence was objected to by defendant, who now alleges, error in the admission thereof. It is of general knowledge that the government surveys are often irregular, and that the quarter section monuments do not in all instances indicate a point midway between the section corners. In case of a dispute as to the location of a division line, the government monument controls, and, where it has become obliterated, its former location may be established as any other fact in issue.

This court had similar evidence under consideration in the case of *Kittell v. Jenssen,* 37 Neb. 685, in which it is said: "Where a government corner between two adjoining landowners has been obliterated, the exact location of the corner may be determined by the jury from the evidence in an action of ejectment." The evidence complained of was properly admitted, and, with other evidence, established the fact that the land in controversy was a part of the southeast quarter of the northeast quarter of section 27 aforesaid.

3. The defendant entered upon the southeast quarter of said section in March, 1889, and contends that at that time he took possession of the land in controversy, and since then has been in the open, notorious, exclusive, adverse possession thereof, and introduced evidence tending to support this contention. We consider it unnecessary to review the evidence in detail. The land involved was not under cultivation. It was inclosed with defendant's land, and, being on the banks of the creek, was used by the defendant as a watering place for his cattle. A gate was established on the section line at the east end, which does not appear to have been necessary for the use of the defendant. Plaintiff passed over the land in going to and from his fields lying west thereof. Plaintiff testified that, as the land was not under tillage, he suffered the defendant to use the same as a place for watering cattle. One witness, who owned plaintiff's land in 1899, testified that at that time he had a conversation with the defendant in which witness spoke of the boundary line as being where plaintiff now contends that it is; that defendant then recognized such as true, and that witness verbally gave to defendant the privilege of using the land. This testimony is not denied by the defendant. The evidence presented a question of fact for the jury to determine, and we do not feel warranted in interfering with the verdict.

4. Many other assignments of error are argued relating to the instructions of the trial court and the admission of

evidence. We have examined all of these assignments and fail to find prejudicial error.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.